DENNIS, Circuit Judge,
concurring:
I fully agree with the majority’s analysis of the Driver’s Privacy Protection Act and its conclusion that the plaintiffs have failed to state a claim upon which relief can be granted. However, I believe that Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 93-101, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998), requires us to decide whether the plaintiffs have Article III standing. “In [Steel Co.], [the Supreme] Court adhered to the rule that a federal court may not hypothesize subject-matter jurisdiction for the purpose of deciding the merits.” Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999). See also, e.g., United States v. Tex. Tech Univ., 171 F.3d 279, 287 (5th Cir.1999); 13 Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Richard D. Freer, Federal Practice and Procedure: Jurisdiction and Related Matters § 3522, at 142 (3d ed.2008).
The plaintiffs in this case have Article III standing for the reason stated in footnote 15 of the majority opinion: they allege that the defendants have used their personal information in a manner that is prohibited by the DPPA. Thus, their allegations fulfill the three requirements of the “irreducible constitutional minimum of standing”: an injury in fact (i.e., the invasion of an interest which the plaintiffs argue is legally protected), which was caused by the defendants and which would be redressed by a judgment against the defendants. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). “It is firmly established ... that the absence of a valid *341 (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction.” Steel Co., 523 U.S. at 89, 118 S.Ct. 1003. Thus, our holding that the plaintiffs have faded to state a valid claim under the DPPA does not alter the fact that the plaintiffs have Article III standing.